UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                                                :
:   19-CR-445-1 (JMF)
-v-                                                                     :
:   22-CV-10675 (JMF)
BENJAMIN FIGUEROA,                                                      :
:   MEMORANDUM OPINION
                                        Defendant.                      :   AND ORDER
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On June 13, 2019, Defendant Benjamin Figueroa was indicted on five counts, including attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 2); narcotics conspiracy, in violation of 21 U.S.C. § 846 (Count 3); and use of a firearm in furtherance of both a "crime of violence" (namely, the attempted robbery charged in Count 2) and a "drug trafficking crime" (namely, the narcotics conspiracy charged in Count 3), in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count 4). *See* ECF No. 16.[1]  Figueroa pleaded guilty, pursuant to a plea agreement, to Counts 2 and 4. *See* ECF Nos. 31, 32.  On September 1, 2021, this Court sentenced him to 36 months' imprisonment on Count 2 followed by 60 months' imprisonment on Count 4, for total of 96 months' imprisonment.  *See* ECF No. 79.  Figueroa did not file a direct appeal.  He now moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence on the ground that his conviction under Count 4 must be vacated in light of *United States v. Taylor*, 142 S. Ct. 2015 (2022), which held that attempted Hobbs Act robbery is not a crime of violence within the meaning of 18 U.S.C. § 924(c).  *See* ECF No. 85.

---

[1]  Unless otherwise noted, record citations are to the docket in 19-CR-445 (JMF).

Figueroa's motion must be and is DENIED as procedurally barred, substantially for the reasons explained by the Government in its opposition.  *See* ECF No. 88 ("Gov't Opp'n"), at 3-6.[2]  "In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal."  *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011).  That is true even where, as here, there has been an intervening change in the substantive law that could provide legal support to the defendant's claim.  *See id.* at 230-33; *see also Bousley v. United States*, 523 U.S. 614, 617-24 (1998).  A procedurally defaulted claim cannot be entertained unless the defendant can demonstrate either (1) "'cause' *and* actual 'prejudice'" or (2) "'actual[] innocen[ce].'"  *Bousley*, 523 U.S. at 622 (emphasis added) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)).  Figueroa has shown neither.

First, Figueroa fails to show "cause and prejudice."  To show the former, a defendant must demonstrate that "some objective factor external to the defense" prevented him from raising the claim, *Murray*, 477 U.S. at 488, "such as a claim that 'is so novel that its legal basis [was] not reasonably available to counsel' [and] kept him from raising the claim on direct appeal," *Whitman v. United States*, 754 F. App'x 40, 42 (2d Cir. 2018) (summary order) (alteration in original) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).  Figueroa does not, and cannot, make that showing here, as evidenced by the fact that defendants routinely argued that attempted Hobbs Act robbery was not a crime of violence within the meaning of Section 924(c) before *Taylor*.  *See, e.g.*, *United States v. McCoy*, 995 F.3d 32, 56 (2d Cir. 2021) (citing cases), *vacated*, 142 S. Ct. 2863 (2022).  In any event, Figueroa does not show prejudice either, defined

---

[2]   Figueroa's motion is arguably also barred by the plea agreement, in which he agreed not to challenge any sentence "within or below the Stipulated Guidelines Range of 101 to 111 months' imprisonment."  ECF No. 88-2, at 4.  But the Government does not invoke this waiver in opposing Figueroa's motion.  *See* Gov't Opp'n.

in this context as "a reasonable probability that he 'would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Bido*, No. 14-CR-212 (RJS), No. 19-CV-8388 (RJS), 2021 WL 1141319, at *3 (S.D.N.Y. Mar. 23, 2021) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Put simply, Figueroa "would have had little genuine hope of being acquitted of the [Count Three] drug trafficking conspiracy after a trial" and, thus, fails to demonstrate "that he was willing to plead guilty to Count [Four] only if it was tied to the charge of [attempted] Hobbs Act [robbery] and that he would not have pleaded guilty to Count [Four] if the Plea Agreement had referred instead to the drug trafficking predicate." *United States v. Dussard*, 967 F.3d 149, 157-58 (2d Cir. 2020); *accord Bido*, 2021 WL 1141319, at *3.

Nor does Figueroa establish actual innocence. Significantly, actual innocence in this context "means factual innocence," and a defendant can meet this threshold only by demonstrating that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (cleaned up). Even more significantly, where, as here, the defendant pleaded guilty, he must also show actual innocence of the "more serious charges" that the Government abandoned during the course of plea negotiations. *Id.* at 624. Figueroa fails to make that showing. During his plea allocution, Figueroa admitted to using and carrying a firearm in connection with the attempted robbery of someone he and his co-conspirators "believed to be possessing narcotics." ECF No. 88-1, at 21-22. And according to the Presentence Investigation Report, Figueroa admitted that "he robs drug dealers" and that he had **"agreed to split the stolen narcotics"** with his co-conspirator. ECF No. 44, ¶¶ 14, 17. In his reply, Figueroa contends that he did not commit "the predicate act" of conspiring to distribute drugs "because there was never actually any drugs. It was a reverse sting, created by Government agents that consisted of imaginary drugs." 22-CV-10675, ECF No. 6, at 3. But that

3

contention fails as a matter of law, as the Second Circuit has repeatedly held that the fact that "drugs were 'sham' [is] not a defense" to drug conspiracy charges. *United States v. Helm*, 58 F.4th 75, 92 n.6 (2d Cir. 2023) (citing cases).

In short, Figueroa's argument is procedurally barred and his motion under 28 U.S.C. § 2255 must be and is DENIED. The Court finds that Figueroa has not "made a substantial showing of the denial of a constitutional right" and, thus, will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005) (per curiam). The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Opinion and Order would not be taken in good faith as it would "lack[] an arguable basis in law or fact." *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995). Thus, Figueroa may not proceed *in forma pauperis*. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to terminate ECF No. 85, to close 22-CV-10675, and to mail this Memorandum Opinion and Order to:

>Benjamin Figueroa
>Register No. 73822-053
>FCI Gilmer
>Federal Correctional Institution
>P.O. BOX 6000
>Glenville, WV 26351

SO ORDERED.

Dated: March 31, 2023
New York, New York

JESSE M. FURMAN
United States District Judge

4