UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
            :
UNITED STATES OF AMERICA          :
            :      19-CR-445-1 (JMF)
    -v-                  :
            :      MEMORANDUM OPINION
BENJAMIN FIGUEROA,             :      AND ORDER
            :
        Defendant.          :
            :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        The Court has received a letter from Defendant Benjamin Figueroa, dated March 7, 2024, requesting a review of his case to determine whether he qualifies for a sentencing reduction pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively. *See* ECF No. 94. The Court construes the letter to be a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)

        "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the amended guideline range that would have been applicable to the defendant if" the Amendment "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1.10(b)(1). U.S.S.G. § 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the Guideline range, as amended, the defendant is ineligible for a reduction under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

In light of the foregoing, and as confirmed by the Supplemental Presentence Report prepared by the Probation Department, *see* ECF No. 93 ("Supp. PSR"), Defendant is ineligible for a reduction of his sentence.  At sentencing, Defendants' offense level was 20 and his Criminal History Category was III, yielding an overall Guidelines range (in light of the 60-month consecutive sentence required for Count Four) of 101 to 111 months' imprisonment.  *See* ECF No. 80, at 6.  Had Amendment 821 been in effect, Defendants' Criminal History Category would have been II instead of III (because he would not have received "status points" pursuant to U.S.S.G. § 4A1.1(e)), and his overall Guidelines range would have been 97 to 106 months' imprisonment.  *See* Supp. PSR 3; *see also* U.S.S.G. Ch. 5, Pt. A.  His sentence of 96 months' imprisonment, however, fell just below the low end of that range.  Accordingly, the Court is without authority to lower Defendant's sentence pursuant to Amendment 821.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail this Order to:

> Benjamin Figueroa
> Register No. 73822-053
> FCI Berlin
> Federal Correctional Institution
> P.O. BOX 9000
> Berlin, NH  03570

SO ORDERED.

Dated: March 18, 2024
       New York, New York

_____
JESSE M. FURMAN
United States District Judge